## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

| | |
|---|---|
| LINETTE COOPER,                                    ) | |
| )  | |
| and                                                ) | |
| )  | |
| )  | |
| LINETTE COOPER, Next Friend Of         ) | **Cause No.:**  *0722 CC01656* |
| M.C.                      , a minor aged 14,) | |
| D.D.                      , a minor aged 11, ) | **Division No.:**  *7* |
| T.D.                          , a minor      ) | |
| aged 3, minor children of Minnie Cooper, ) | |
| deceased,                                          ) | **JURY TRIAL DEMANDED** |
| )  | |
|     Plaintiffs,                ) | |
| )  | |
| v.                                                 ) | |
| )  | |
| PRAXAIR, INC.,                                     ) | |
| )  | |
|    Serve: Registered Agent          ) | |
|      Prentice-Hall Corp. System ) | |
|      221 Bolivar Street   ) | |
|      Jefferson City, MO 65101 ) | |
| )  | |
| and                                                ) | |
| )  | |
| PRAXAIR DISTRIBUTION, INC.,                        ) | |
| )  | |
|    Serve: Registered Agent          ) | |
|      Prentice-Hall Corp. System ) | |
|      221 Bolivar Street   ) | |
|      Jefferson City, MO 65101 ) | |
| )  | |
| and                                                ) | |
| )  | |
| KWABENA BOATEN,                                    ) | |
| )  | |
|    Serve: 1116 Chantal Lane         ) | |
|      Olivette, MO 63132   ) | |
| )  | |
| and                                                ) | |
| )  | |
| JEFFREY GRIMES,                                    ) | |

Exhibit 1

1

Serve: 6425 Mill View Drive   )
      House Springs, MO 63051 )
                           )

and                         )
                           )

ERIK HABERKERN,       )
                           )
      Serve: 1836 South 9th    )
         St. Louis, MO 63104   )
                           )
    Defendants.             )

## PETITION FOR WRONGFUL DEATH

COMES NOW Plaintiffs LINETTE COOPER, and LINETTE COOPER as Next Friend of M.C., a minor aged 14 born on 1992, D.D., a minor aged ten born on 1996, and T.D. : minor aged three born on 2003, (hereinafter referred to as "Plaintiffs") and for their cause of action against Defendants PRAXAIR, INC., PRAXAIR DISTRIBUTION, INC., KWABENA BOATEN, JEFFREY GRIMES, and ERIK HABERKERN (hereinafter referred to as "Defendants") states as follows:

## INTRODUCTION

1.    This is an action to seek redress from the Defendants for the wrongful death of Minnie Cooper on July 5, 2005 following an inhalation of noxious smoke, fumes, and chemicals released into the air following an explosion at Defendant PRAXAIR, INC. and Defendant PRAXAIR DISTRIBUTION, INC.'s facility located at 2210 Chouteau in the City of St. Louis, State of Missouri on June 24, 2005.

## THE PARTIES

2.    Plaintiff LINETTE COOPER is the natural mother of Minnie Cooper (deceased) and Plaintiffs M.C., D.D., and T.D.

2

are the natural born children of Minnie Cooper (deceased). Plaintiffs are members of the class of persons permitted to bring an action for wrongful death pursuant to § 537.080 R.S.Mo. (2006).

3.   At all times hereinafter mentioned Defendant PRAXAIR, INC. is a Delaware corporation registered with the Missouri Secretary of State and authorized to conduct business in the City of St. Louis, State of Missouri.  Specifically, Defendant PRAXAIR, INC. owned, operated, and managed a compressed gas storage facility located at 2210 Chouteau in the City of St. Louis, State of Missouri. (hereinafter known at the "Chouteau Facility").

4.   At all times hereinafter mentioned Defendant PRAXAIR DISTRIBUTION, INC. owned, operated, and managed the Chouteau Facility and is a wholly owned subsidiary of Defendant PRAXAIR, INC.

5.   At all times hereinafter mentioned Defendant KWABENA BOATEN was employed by Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC. as the Logistics Planner at the Chouteau Faciltiy.  At all times hereinafter mentioned Defendant KWABENA BOATEN was the employee, agent, and servant of Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC.

6.   At all times hereinafter mentioned Defendant JEFFREY GRIMES was employed by Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC. as the manager of the Chouteau Facility.  At all times hereinafter mentioned Defendant JEFFREY GRIMES was the employee, agent, and servant of Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC.

7.     At all times hereinafter mentioned Defendant ERIK HABERKERN was employed by Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC. as the assistant manager of the Chouteau Facility.  At all times hereinafter mentioned Defendant ERIK HABERKERN was the employee, agent and servant of Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC.

## JURISDICTION AND VENUE

8.     At all times hereinafter mentioned the tortuous conduct that is alleged by Plaintiffs occurred in the City of St. Louis, State of Missouri, and therefore venue is properly before this Court.

9.     At all times hereinafter mentioned Defendant ERIK HABERKERN, employee of Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC. and agent and servant of Defendant PRAXAIR, INC. and / or Defendant PRAXAIR DISTRIBUTION, INC. is a resident of the City of St. Louis, State of Missouri and therefore venue is properly before this Court.

## GENERAL ALLEGATIONS

10.    Defendant PRAXAIR, INC. and Defendant PRAXAIR DISTRIBUTION, INC. had a facility located at 2210 Chouteau Avenue in the City of St. Louis, State of Missouri.

11.    Defendant PRAXAIR DISTRIBUTION, INC., a subsidiary of Defendant PRAXAIR, INC. operated a compressed gas storage facility that supplied industrial, medical and specialty gasses to industry.  The various gasses are contained in compressed

4

gas cylinders tanks and are stored at the Chouteau Facility. The cylinders contain highly flammable, hazardous, and toxic gasses including propylene, acetylene, and propane.

12.    On June 24, 2005 a fire occurred at the Chouteau Facility and, as a result of the fire, hundreds of cylinders exploded and were propelled in the air thereby releasing dangerous, hazardous, and toxic gasses, including propylene, acetylene, and propane, among other gasses, into the air.

13.    As a direct and proximate result of the explosion at the Chouteau Plant Minnie Cooper, deceased, was exposed to and inhaled noxious fumes and smoke.

## COUNT I – NEGLIGENCE

14.    Plaintiffs incorporate by reference the allegations and facts contained in Paragraphs 1 – 13 as though fully pled herein.

15.    Defendants, by and through their employees, agents, and servants, were negligent in the following manner, to wit:

a.    Defendants, by and through their employees, agents, and servants, failed to properly store the cylinders containing dangerous, hazardous, and toxic gasses; and

b.    Defendants, by and through their employees, agents, and servants, negligently and carelessly failed to properly ensure adequate fire protection, such as sprinklers or a deluge system, were in place in the area where the cylinders containing dangerous, hazardous, and toxic gasses were stored; and

c.    Defendants, by and through their employees, agents, and servants, negligently and carelessly failed to properly insulate the cylinders containing dangerous, hazardous, and toxic gasses from the accumulation of static electricity; and

5

d.      Defendants, by and through their employees, agents, and servants, negligently and carelessly failed to place, secure, or build blast walls between the cylinders containing dangerous, hazardous, and toxic gasses; and

e.      Defendants, by and through their employees, agents, and servants, negligently and carelessly failed to place flammable gas detectors around, near, and in the area where the cylinders containing dangerous, hazardous, and toxic gasses were stored; and

f.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to place temperature monitors around, near, and in the area where the cylinders containing dangerous, hazardous, and toxic gasses were stored; and

g.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to routinely and adequately inspect the cylinders containing dangerous, hazardous, and toxic gasses for corroded and / or faulty process relief valves; and

h.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to routinely and adequately inspect the cylinders containing dangerous, hazardous, and toxic gasses to see whether or not they were empty; and

i.      Defendants, by and through their employees, agents, and servants negligently and carelessly placed returned cylinders containing dangerous, hazardous, and toxic gasses adjacent to gas filled trucks; and

6

j.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to have and create separate storage areas for propane and propylene cylinders; and

k.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to ensure there existed sufficient space and distance between the cylinders containing dangerous, hazardous, and toxic gasses; and

l.      Defendants, by and through their employees, agents, and servants negligently and carelessly generated, handled, stored, treated, disposed of and failed to control and contain the substances generated and stored at the Chouteau Plant thereby resulting in the release of toxic substances into the air; and

m.      Defendants, by and through their employees, agents, and servants negligently and carelessly failed to warn Plaintiffs of the release of the toxic substances generated and stored and the Chouteau Plant into the environment and of the reasonably foreseeable effects of such release; and

16.     Defendants, by and through their employees, agents, and servants knew or should have known the generation, handling, storage, treatment and disposal of the cylinders containing dangerous, hazardous, and toxic gasses produced by the Chouteau Plant would be the proximate cause of damage to Plaintiffs.

17.     The negligence of each Defendant, individually and collectively, by and through their employees, agents, and servants caused or combined to contribute to cause damage to Plaintiffs.

18.     As a direct and proximate result of the death of Minnie Cooper due to the negligence, carelessness, neglect, faults and omissions of the Defendants as aforesaid, Plaintiffs sustained the following damages pursuant to § 537.090 R.S.Mo, to wit:

(a)     Loss of the consortium, companionship, comfort, instruction, guidance, counsel, training, and support of decedent, Minnie Cooper; and

(b)     Between the time of injury and the time of death, and for the recovery of which the deceased might have maintained an action had death not ensued, Minnie Cooper sustained a great deal of pain and emotional suffering, mental, physical and emotional distress for which Plaintiffs are entitled to recover including, medical and funeral bills incurred as a result of Defendants' aforestated negligence; and

(c)     Medical bills and expenses in an amount exceeding Twenty Five Thousand Dollars ($25,000.00); and

(d)     Funeral expenses.

19.     The conduct of Defendants, by and through their employees, agents, and servants, both individually and collectively, showed a complete indifference to and conscious disregard for the safety of others and because of their conduct, Plaintiffs are entitled to an award for damages for aggravating circumstances and to deter and punish Defendants, and others, from like conduct.

WHEREFORE Plaintiffs pray for judgment to be entered in their favor against Defendants in an amount exceeding Twenty Five Thousand Dollars ($25,000.00), for costs of Court, and for such other and further relief, including damages for aggravating circumstances, as this Court deems just and proper under the circumstances.

## COUNT II – STRICT LIABILITY

8

20.     Plaintiffs hereby incorporate by referenced Paragraphs 1 – 18 as though fully pleaded herein.

21.     The handling and processing of the cylinders containing dangerous, hazardous, and toxic gasses and other toxic substances constitute an abnormally dangerous activity or ultra hazardous activity because such activity creates a high risk of significant harm.

22.     The Defendants are strictly liable to Plaintiffs for all damages which have resulted or which will result from the release of the toxic substances as a result of the explosion at the Chouteau Facility.

23.     The storage, handling, and processing of the cylinders containing dangerous, hazardous, and toxic gasses and other toxic substances has directly and proximately caused the explosion, fire, and release of dangerous, hazardous, and toxic gasses into the environment and the community surrounding the Chouteau Facility which resulted in the death of Minnie Cooper.

24.     The conduct of Defendants, by and through their employees, agents, and servants, both individually and collectively, showed a complete indifference to and conscious disregard for the safety of others and because of their conduct, Plaintiffs are entitled to an award for damages for aggravating circumstances and to deter and punish Defendants, and others, from like conduct.

WHEREFORE Plaintiffs pray for judgment to be entered in their favor against Defendants in an amount exceeding Twenty Five Thousand Dollars ($25,000.00), for costs of Court, and for such other and further relief, including damages for aggravating circumstances, as this Court deems just and proper under the circumstances.

RAY B. MARGLOUS, P.C.

BY:

Ray B. Marglous, MBE #15838
Robert S. Merlin, MBE #51707
ATTORNEYS FOR PLAINTIFFS
101 South Hanley Road, Suite 1075
Clayton, MO 63105
(314) 721-6757
(314) 721-5225 (Fax)

10