UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINETTE COOPER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PRAXAIR, INC., *et al.* ) | No. 4:07-CV-1189 CEJ |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' motion to remand this action, pursuant to 28 U.S.C. § 1447, and the motion of defendants Jeffery Grimes, Erik Haberkern, and Kwabena Boaten to dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ. P. The issues are fully briefed.

**I.   Background**

On June 22, 2005, fire erupted at a compressed gas storage facility located on Chouteau Avenue in the City of St. Louis (the Chouteau Facility). The fire ruptured some of the stored gas cylinders and expelled gases into the air. Plaintiffs are the mother and children of Minnie Cooper, who allegedly died as a result of inhaling the fumes and smoke released by the ruptured gas cylinders.  Plaintiffs bring this action under the Missouri wrongful death statute, Mo. Rev. Stat. § 537.080, and assert claims of negligence and strict liability against all defendants.

The Chouteau Facility was owned and operated by defendant Praxair Distribution, Inc. (PDI), a wholly owned subsidiary of

Praxair, Inc., a Delaware corporation. At the time of the fire, PDI employed defendants Jeffery Grimes, Erik Haberkern and Kwabena Boaten. The employee defendants are citizens of Missouri. Plaintiffs are also citizens of Missouri.

Plaintiffs initiated this action in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) on May 22, 2007. Defendants removed the action to this Court on June 25, 2007, arguing that the employee defendants were fraudulently joined to defeat complete diversity.[1] Upon dismissal of the employee defendants, there would be complete diversity of citizenship and, as the amount in controversy exceeds $75,000, the Court would have jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs assert that the employee defendants were properly joined and move the Court to remand this action to state court.

## II. Discussion

"A civil action brought in a state court may be removed to the proper district court where the district courts have original jurisdiction." 28 U.S.C. § 1441; Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146 (E.D. Mo. 2004). Original jurisdiction exists in all civil actions between persons of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Such an action is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

---

[1] While asserting that they are improperly joined, the employee defendants nonetheless join in the removal.

"Removal will not be defeated by collusive or fraudulent joinder of a resident defendant." <u>Manning</u>, 304 F.Supp.2d at 1148. Joinder is fraudulent if the complaint does not state a cause of action against the defendant under governing state law. <u>Id</u>., <u>citing</u> <u>Filla v. Norfolk Southern Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003); <u>and</u> <u>Iowa Public Service Co. v. Medicine Bow Coal Co.</u>, 556 F.2d 400, 406 (8th Cir. 1977). If there is a "'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." <u>Filla</u>, 336 F.3d at 810 (original emphasis). The district court's task thus is limited to determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." <u>Id</u>. at 811. In making that prediction, the Court must "resolve all facts and ambiguities in the controlling substantive law in the plaintiff's favor." <u>Id</u>.

"The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied." <u>Manning</u>, 304 F.Supp.2d at 1148. "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." <u>Id</u>. "In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits." <u>Id</u>., <u>citing</u> <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 112 (3d Cir. 1990).

If the resident defendant is properly joined, there is no complete diversity, the Court lacks subject-matter jurisdiction,

3

and the action must be remanded. 28 U.S.C. § 1447(c); Filla, 336 F.3d at 811.

In the complaint, plaintiffs allege that the employee defendants were the manager, assistant manger and logistics planner at the Chouteau Facility. Throughout the complaint, plaintiffs describe the conduct and actions of the "[d]efendants, by and through their employees, agents, and servants" that allegedly resulted in Ms. Cooper's death.

The employee defendants assert that the petition does not allege any specific misconduct by the named employees, does not show that they owed a duty to plaintiffs, and does not claim that they acted outside the scope of their employment.[2] Because the employee defendants cannot be held liable on the basis of their employment positions alone, they claim, the petition fails to state a cause of action against them, and the Court should dismiss them. Plaintiffs counter that because the employees may be subject to liability under Missouri law, they are properly joined, and the case should be remanded.

The elements of a claim for negligence under Missouri law are: (1) the defendant has a legal duty to use ordinary care to protect plaintiff from injuries, (2) breach of that duty, (3) proximate cause between the breach and resulting injury, and (4) actual damages to the plaintiff's person or property. Phelps v. Bross, 73

---

[2] The Court does not consider the affidavits submitted by the employee defendants, as the face of the pleadings supplies sufficient information to determine whether plaintiffs have a colorable cause of action against the defendants.

4

S.W.3d 651 (Mo. Ct. App. 2002).[3] A duty exists when the defendant has "actual or constructive knowledge that there is some probability of injury sufficiently serious that an ordinary person would take precautions to avoid it." Like v. Glaze, 126 S.W.3d 783, 785 (Mo. Ct. App. 2004).

Under Missouri law, an employee may be held personally liable to a third party if: (1) the employee has or assumes full and complete control of his employer's premises (in which case, the employee's liability to the public and to invitees is the same as his employer's); or, (2) the employee does not have complete control over his employer's premises, but he breaches his legal duty to a third person or is negligent with respect to something over which he does have control. Augustine v. Target Corp., 259 F.Supp.2d 919, 921 (E.D. Mo. 2003), citing State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992).

The plaintiffs allege that the defendants "knew or should have known" that the handling and storage of compressed gas cylinders would be the proximate cause of damage to plaintiffs. Pet. at ¶ 16. Such knowledge creates a duty as a matter of Missouri law. See Like, 126 S.W.3d at 785.

A federal court must remand an action to the state court if the plaintiffs assert a colorable claim against the non-diverse defendants. Filla, 336 F.3d at 811. If the "sufficiency of the

---

[3] Missouri's wrongful death statute extends a plaintiff's cause of action for damages to the plaintiff's children and parents, among others. Mo. Rev. Stat. § 537.080.

5

complaint against the non-diverse party is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (citation omitted).

The complaint does not describe the level of control which any one of the employee defendants had over the Chouteau Facility. The employee defendants, however, are identified by the positions they held at the Chouteau facility.

The Court finds that the petition asserts a colorable cause of action against the employee defendants, and a Missouri state court might impose liability on the employee defendants based on the facts alleged. The Court will remand this action to state court. The Court thus lacks jurisdiction to rule on the defendants' motion to dismiss, and will not consider that motion.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand [# 19] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2007.